UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD R. SISSON,

                    Plaintiff,

        v.                                              CAUSE NO. 3:22-CV-342-DRL-MGG

POTCHEN,

                    Defendant.

## OPINION AND ORDER

Donald R. Sisson, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Sisson alleges that, on February 7, 2022, he was attacked by two inmates in the bathroom. He got away and, upon exiting, yelled for help. Correctional Officer Potchen was in the cage and just looked at Mr. Sisson. When Mr. Sisson got to where Officer Potchen was located, he asked Officer Potchen to call a signal. Officer Potchen declined, noting that it was about time to go to chow. When it was time to go to chow, Mr. Sisson ran for help.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official is deliberately indifferent when he "effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008).

The complaint does not allege that Officer Potchen had any information available to him suggesting that Mr. Sisson was in danger before he was attacked. It alleges only that Mr. Sisson exited the bathroom asking for help and asked that a signal be called. These expressions of fear did not put Officer Potchen on notice that a substantial risk of serious harm existed after the attack occurred. He has alleged no facts suggesting that the attack was ongoing after he exited the bathroom or that he incurred any further injury after exiting the bathroom. Thus, it cannot be inferred that Officer Potchen was deliberately indifferent to Mr. Sisson's safety when he declined to call a signal or otherwise respond to Mr. Sisson's request for help once the attack was over.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Sisson may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where

amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, Mr. Sisson needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form that is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Donald R. Sisson until **August 26, 2022**, to file an amended complaint; and

(2) CAUTIONS Donald R. Sisson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

July 26, 2022                                    *s/ Damon R. Leichty*
                                                 Judge, United States District Court