UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD R. SISSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-342-DRL-MGG |
| POTCHEN, | |
| Defendant. | |

OPINION AND ORDER

Donald R. Sisson, a prisoner without a lawyer, filed an amended complaint. ECF 9. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The allegations in Mr. Sisson's amended complaint are, in all material respects, identical to the allegations in his earlier complaint. *See* ECF 1. Mr. Sisson alleges that, on February 7, 2022, he was attacked by two inmates in the bathroom. He got away and, upon exiting, yelled for help. Correctional Officer Potchen was in the cage and just looked at Mr. Sisson. When Mr. Sisson got to where Officer Potchen was located, he asked Officer

Potchen to call a signal. Officer Potchen declined, noting that it was about time to go to chow. When it was time to go to chow, Mr. Sisson ran for help.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official is deliberately indifferent when he "effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008).

The amended complaint does not allege that Officer Potchen had any information available to him suggesting that Mr. Sisson was in danger before he was attacked. It alleges only that Mr. Sisson exited the bathroom asking for help and asked that a signal be called. These expressions of fear did not put Officer Potchen on notice that a substantial risk of serious harm existed after the attack occurred. The amended complaint does not contain facts suggesting that the attack was ongoing after Mr. Sisson exited the bathroom or that he incurred any further injury after exiting the bathroom. Thus, it cannot be plausibly inferred that Officer Potchen was deliberately indifferent to Mr. Sisson's safety when he declined to call a signal or otherwise respond to Mr. Sisson's request for help once the attack was over.

This was explained to Mr. Sisson in the court's order dated July 26, 2022. ECF 7. He was given an opportunity to file an amended complaint if, after reviewing the court's order he believed he could state a claim. Mr. Sisson filed an amended complaint, but it too does not state a claim. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, and the motion for stay of proceedings (ECF 10) is DENIED as unnecessary, and this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

August 8, 2022                             *s/ Damon R. Leichty*
                                           Judge, United States District Court